LABORDE, Judge.
In this products liability and negligence action, plaintiff, E. Michael Lafleur, was injured on July 12, 1989 when the housing from a rotary cutter blade fell on him causing paralysis from the neck down. The trial court granted the motion for summary judgment filed by the seller, Hollier Implement Co., and its insurer, John Deere Insurance Co., dismissing them from this suit. We affirm the decision of the trial court finding no genuine issue of material fact.
FACTS
On July 12, 1989, plaintiff, E. Michael Lafleur, was employed as a farm hand by Lionel Mounier, Jr. Plaintiff was operating a Hardee rotary cutter which was mounted on the side of a tractor when the left rear wheel of the tractor got stuck in the dirt road. As plaintiff proceeded around the right side of the tractor, the housing from the rotary cutter fell on him causing paralysis from the neck down. Plaintiff filed suit against Hardee Manufacturing, Inc., the manufacturer of the rotary cutter, Hollier Implement Company (Hollier), the seller of the rotary cutter, and its insurer, John Deere Insurance Company.
Plaintiff settled with Hardee Manufacturing, Inc., and Hollier and John Deere were dismissed from the action on a motion for summary judgment. Plaintiff appeals alleging the trial court erred in granting defendants’ motion for summary judgment.
SUMMARY JUDGMENT
Plaintiff alleges the trial court erred in granting defendants’, Hollier and John Deere, motion for summary judgment dismissing them from this suit.
A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions *1213 on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966. Nelton v. Astro-Lounger Mfg. Co., Inc., 542 So.2d 128 (La.App. 1st Cir.1989).
This suit involves an alleged defective Hardee rotary cutter. The date of this accident is after the effective date of the Louisiana Products Liability Act (Act) **, and thus, this Act governs the present case. The Act establishes theories of liability for manufacturers for damages caused by their products. Manufacturer is defined in the Act, La.R.S. 9:2800.53(1), as follows:
(1) “Manufacturer” means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. “Manufacturing a product” means producing, making, fabricating, constructing, designing, remanufac-turing, reconditioning or refurbishing a product. “Manufacturer” also means:
(a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.
(b) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.
(c) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.
(d) A seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer. The court shall take into consideration the following in determining whether the seller is the alien manufacturer’s alter ego: whether the seller is affiliated with the alien manufacturer by way of common ownership or control; whether the seller assumes or administers product warranty obligations of the alien manufacturer; whether the seller prepares or modifies the product for distribution; or any other relevant evidence. A “product of an alien manufacturer” is a product that is manufactured outside the United States by a manufacturer who is a citizen of another country or who is organized under the laws of another country.
It is clear from the record defendants do not fall into any of the categories listed above. The vice-president of Hollier, Donald Hollier, testified in his deposition that Hollier received the rotary cutter from Jake and Warren Fontenot as a trade-in on a new cutter. The old rotary cutter was then sold to Mr. Mounier seven days later. During the time the cutter was in the possession of Hollier, there were no alterations or adjustments made to the cutter. In addition, Donald Hollier further testified that he had no knowledge of any defect in the cutter. Hollier also sells John Deere rotary cutters as well as Hardee rotary cutters. However, they had sold only three Hardee 360 rotary cutters prior to the sale to Mr. Mounier.
When defendants filed their motion for summary judgment, they attached the deposition of Donald Hollier supporting their position. Even though plaintiff alleged in the petition that Hollier knew or should have known of the alleged defective condition of the rotary cutter, plaintiff did not file an opposition to the motion for summary judgment nor put forth any evidence to support plaintiffs allegation or refute defendants’ motion.
La.C.C.P. art. 967 states “when a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be rendered against him.”
After reviewing the record, we find there was sufficient evidence to show Hollier *1214 was not a manufacturer as defined under the Louisiana Products Liability Act and that Hollier did not have knowledge of the alleged defect in the rotary cutter thus, supporting defendants’ motion for summary judgment. Therefore, the trial court did not err in granting defendants’ motion for summary judgment dismissing them from this suit.
Based on the above and foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are to be paid by the plaintiff, E. Michael Lafleur.
AFFIRMED.

 See, La.R.S. 9:2800.51 et seq.